IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JS INTERESTS, INC. and                                                                PLAINTIFFS
XISTO PROPERTIES, LLC

v.                              CASE NO. 4:16CV00586 BSM

JOHN HAFNER & ASSOCIATES,
THE ESTATE OF JOHN F. HAFNER,
MARY KAYE HAFNER, and SEECO, INC. n/k/a
SWN PRODUCTION (ARKANSAS), INC.                                                      DEFENDANTS

# ORDER

SEECO, Inc.'s motion for summary judgment [Doc. No. 34] is denied on plaintiffs' breach of contract claim and on SEECO's indemnification claim, and is granted on plaintiffs' claim for statutory penalties.

## I. BACKGROUND

SEECO is an oil and natural gas production company that explores, drills, develops, and produces oil, gas, and other minerals. Designated as an operator by the Arkansas Oil and Gas Commission, it contracts with landowners to enter upon the land of those landowners for the purpose of exploring, drilling, developing, and producing the oil, gas, and other minerals contained in certain drilling units on the land. It is the current operator of the oil and gas drilling units covered by the leases in question. The leases cover units located in several Arkansas counties, including Cleburne, Conway, Faulker, Pope, Van Buren, and White county.

SEECO and defendant John F. Hafner & Associates ("Hafner") entered into oil and

gas leases that give Hafner a working interest in the oil, gas, and other minerals produced and sold by SEECO from the units in question. The leases between Hafner and SEECO are governed by joint operating agreements ("Agreements"). The Agreements permit Hafner to participate as a consenting party or to abstain as a non-consenting party. As a consenting party, Hafner assumes its working interest and participates in the mineral production process by sharing in the cost of the operations conducted. In return, Hafner shares in the profits from the sale of the oil, gas, and minerals produced. As a non-consenting party, Hafner does not assume its working interest and does not share in the production process, operations, and profits. When Hafner is a non-consenting party, SEECO assumes Hafner's working interest and responsibilities. On the leases at issue herein, Hafner participated as a consenting party as to some leases and abstained as a non-consenting party as to others.

Hafner assigned overriding royalty interests on its leases with SEECO to plaintiffs JS Interests, Inc. and Xisto Properties, LLC ("plaintiffs"). The assignments gave plaintiffs a small percentage of the profit derived by Hafner. These assignments were recorded in the counties where the real property was located. It is important to note that the Agreements did not take effect until after the creation of these assignments, SEECO is not a party to any of the assignments between Hafner and plaintiffs, and Hafner did not directly disclose the assignments to SEECO at the time the Agreements were entered into.

Hafner has dissolved as the result of the death of John F. Hafner, and the estate of John F. Hafner and Mary Kaye Hafner are included as defendants because they are the

successors-in-interest of Hafner. Therefore, Hafner, the estate of John F. Hafner, and Mary Kaye Hafner are collectively referred to as Hafner.

Plaintiffs have yet to receive any of the overriding royalty interest payments owed to them and bring this case claiming breach of contract and willful withholding of overriding royalty interest payments. Plaintiffs seek a determination as to which of the defendants is responsible for the overriding royalty interest payments owed to them. *See* Am. Compl. ¶ 35, Doc. No. 21. SEECO is cross claiming against Hafner claiming that Hafner must indemnify SEECO for any judgment plaintiffs receive against SEECO. *See* SEECO's Answer 13, 14, Doc. No. 25.

SEECO moves for summary judgment [Doc. No. 34] on plaintiffs' claims arguing that it is not responsible for the overriding royalty interest payments owed to plaintiffs because Hafner did not inform SEECO that Hafner assigned the leases to plaintiffs. SEECO also moves for summary judgment on its indemnity claim against Hafner arguing that the Agreements require Hafner to indemnify SEECO.

It is undisputed that Hafner is liable to plaintiffs for the overriding royalty interest payments it did not pay to plaintiffs on those leases in which Hafner was a consenting party. *See* SEECO's Reply Supp. Mot. Summ. J. 1, Doc. No. 44 ("SEECO's Reply"); Hafner Defs.' Disc. Resp. 9, Doc. No. 23; Pl. JS Interests, Inc. Disc. Resp. 9-10, Doc. No. 27; Pl. Xisto Properties, Inc. Disc. Resp. 9-10, Doc. No. 28. The key question, therefore, is whether Hafner is liable for the overriding royalty interest payments owed to plaintiffs on the leases

in which Hafner was a non-consenting party.

## II. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute that must be resolved at trial. *Id.* Importantly, when considering a motion for summary judgment, all reasonable inferences must be drawn in a light most favorable to the non-moving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). Additionally, the evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

It is undisputed that the Agreements, *see* Doc. No. 25-1 (copy of model agreement), provide whether SEECO is responsible for the overriding royalty interest payments owed to plaintiffs and whether SEECO is to be indemnified by Hafner. *See* SEECO's Br. Supp. Mot. Summ. J. 5, Doc. No. 34 ("SEECO's Br."); Hafner Defs.' Br. Resp. SEECO's Mot. Summ. J. 4, Doc. No. 37 ("Hafner Defs.' Resp."); Pls.' Br. Resp. SEECO's Mot. Summ. J. 5, Doc. No. 39 ("Pls. Resp."). The Agreements state as follows:

**ARTICLE VI**

. . .

**B.  Subsequent Operations**

. . .

2. . . . During the period of time Consenting Parties are entitled to receive Non-Consenting Party's share of production, or the proceeds therefrom, Consenting Parties shall be responsible for the payment of all production, severance, excise, gathering and other taxes, and all royalty, overriding royalty and other burdens applicable to Non-Consenting Party's share of production not excepted by Article III.D.

. . .

**ARTICLE III**

**D.  Subsequently Created Interests:**

If any party should hereafter create an overriding royalty, production payment or other burden payable out of production attributable to its working interest hereunder, or if such a burden existed prior to this agreement and is not set forth in Exhibit "A", or was not disclosed in writing to all other parties prior to the execution of this agreement by all parties, or is not a jointly acknowledged and accepted obligation of all parties (any such interest being hereafter referred to as "subsequently created interest" irrespective of the timing of its creation and the party out of whose working interest the subsequently created interest is derived being hereinafter referred to as "burdened party"), and:

>    1.   If the burdened party is required under this agreement to assign or relinquish to any other party, or parties, all or a portion of its working interest and/or the production attributable thereto, said other party, or parties, shall receive said assignment and/or production free and clear of said subsequently created interest and the burdened party shall indemnify and save said other party, or parties, harmless from any and all claims and demands for payment asserted by owners of the subsequently created interest . . .

*See* Joint Operating Agreement Model, Doc. No. 25-1.

A. <u>Breach of Contract</u>

SEECO's motion for summary judgment is denied on plaintiffs' breach of contract claim because plaintiffs are third-party beneficiaries of the Agreements between SEECO and Hafner. Normally, to prove a breach of contract, plaintiffs must first prove "the existence of a valid agreement." *Powell v. TPI Petroleum, Inc.*, 510 F.3d 818, 822 (8th Cir. 2007). Plaintiffs do not have a contract with SEECO. *See* Hafner Defs.' Disc. Resp. 1; Pl. JS Interests, Inc. Disc. Resp. 1; Pl. Xisto Properties, Inc. Disc. Resp. 1. Therefore, to prevail on their breach of contract claim, plaintiffs must show they are third-party beneficiaries to the Agreements between SEECO and Hafner. *See Howell v. Worth James Constr. Co.*, 535 S.W.2d 826, 828 (Ark. 1976) (a contracts made for the benefit of a third party is actionable by the third party). To meet this burden, plaintiffs must show "substantial evidence of a clear intention" to benefit them. *Id.*

The status of a third-party beneficiary is a matter of law unless the contract is ambiguous as to the intent of the parties and the meaning of the language depends on disputed extrinsic evidence. *See Perry v. Baptist Health*, 189 S.W.3d 54, 58 (Ark. 2004) (citing *Kremer v. Blissard Management and Realty, Inc.*, 711 S.W.2d 813 (Ark. 1986)). If the contract is ambiguous as to the intent of the parties and the meaning of the language depends on disputed extrinsic evidence, the issue is a question of fact for the jury. *Id.*

SEECO asserts that plaintiffs cannot be third-party beneficiaries of the Agreements between it and Hafner because Hafner did not inform SEECO of its assignments to plaintiffs

6

and the assignments were not referenced in the Agreements. *See* SEECO's Br. 7–8. "A third party beneficiary need not be named in the contract, and if [it] is otherwise sufficiently described or designated, [it] may be one of a class ... if the class is sufficiently described or designated." *Elsner v. Farmers Ins. Group, Inc.*, 220 S.W.3d 633, 635 (Ark. 2005).

The Agreements sufficiently describe the class in which plaintiffs would be third-party beneficiaries. Article VI.B.2 of the Agreements requires that a consenting party who takes over a non-consenting party's share of production is responsible for any overriding royalties applicable to the non-consenting party's share of production that are not included in Article III.D. Article III.D of the Agreements describes subsequently created interests. Therefore, if the assignments are subsequently created interests, plaintiffs are not third-party beneficiaries and SEECO is not liable to them. If the assignments are not subsequently created interests, then plaintiffs are third-party beneficiaries, and SEECO may be held liable.

Because the assignments between Hafner and plaintiffs were created prior to the execution of the Agreements, Article III.D requires that Hafner show one of three things in order for SEECO to be required to take on the assignments: (1) the assignments were "set forth in Exhibit 'A';" (2) the assignments were "disclosed in writing to all other parties prior to the execution of [the Agreements];" or (3) the assignments were "jointly acknowledged and accepted obligation of all parties." *See* Joint Operating Agreement Model Article III.D.

Although nothing in the record indicates Hafner notified SEECO of the assignments at the time the Agreements were entered, SEECO does not dispute that the assignments were

7

publicly recorded before the Agreements were entered. *See* Am. Compl. ¶¶ 13–23, 47–57, Doc. No. 21; Hafner Defs.' Resp. 9; SEECO's Reply 6. Therefore, pursuant to the Agreements, the assignments were "disclosed in writing to all other parties prior to the execution of [the Agreements]," making the plaintiffs third-party beneficiaries by way of the assignments not being subsequently created interests.

B.  Indemnification

Summary judgment is denied on SEECO's claim for indemnification from Hafner because a material issue of fact exists as to whether SEECO's failure to pay Hafner under the terms of the Agreement is a material breach that would relieve Hafner of its obligation to indemnify SEECO. Hafner argues that SEECO breached the Agreements by failing to compensate Hafner on all of the Agreements in which Hafner is a consenting party. Hafner Defs.' Resp. 14–15, Exs. D, E, F. Hafner further argues that it does not have to indemnify SEECO on the Agreements because SEECO is in breach. *See Spann v. Lovett & Co., Ltd.*, 389 S.W.3d 77, 93 (Ark. Ct. App. 2012) (holding that a material and serious breach by one contracting party may relieve the other party of its contractual obligations) (citations omitted). This creates a question of fact because, whether a breach is material, is a question for the fact-finder. *See Chambers v. McDougald*, 2017 Ark. App. 357, at *7 (2017) (citations omitted). SEECO's argument that Hafner has not properly responded to its motion for summary judgment is not persuasive because Hafner may resist SEECO's motion "by asserting affirmative defenses which it has the burden to prove and supporting those defenses

with specific facts." *Hiland Partners Gp Holdings, LLC v. Nat'l Union Fire Ins. Co. Of Pittsburgh, PA*, 847 F.3d 594, 601 (8th Cir. 2017).

    C.    <u>Violation of Ark. Code Ann. §§ 15-74-601 *et seq.*</u>

Summary judgment is granted on plaintiffs' claim to the statutory penalty provided by Arkansas Code Annotated sections 15-74-601 *et seq.* because plaintiffs failed to provide sufficient notice of this claim to SEECO. As parties seeking statutory penalties, plaintiffs had to provide written notice to SEECO of the failure to make timely overriding royalty payments as a prerequisite to judicial action for nonpayment. Ark. Code Ann. § 15-74-603(b). That written notice had to not only inform SEECO of plaintiffs' intent to seek the payment of the overriding royalties but also plaintiffs' intent to seek the statutory penalty for nonpayment. *See id.* § 15-74-603(c) and (d); *Walls v. Petrohawk Properties, LP*, 812 F.3d 621, 627 (8th Cir. 2015) (holding that written notice of the intent to seek the penalty triggered the opposing party's statutory duty to pay or explain nonpayment). Plaintiffs point to an email where they inform SEECO only of their intent to seek payment of overriding royalties. *See* Doc. No. 35-3. This email is not sufficient to meet the notice standard provided by the statute. *See Walls*, 812 F.3d at 627.

## IV. CONCLUSION

For the reasons set forth above, SEECO's motion for summary judgment [Doc. No. 34] is denied on plaintiffs' breach of contract claim and on SEECO's indemnification claim, and is granted on plaintiffs' claim for statutory penalties.

9

IT IS SO ORDERED this 22nd day of August 2017.

                                                        UNITED STATES DISTRICT JUDGE